UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| QI ZHANG, on behalf of himself and others similarly situated,<br><br>　　　　　　　　　　　　　　　Plaintiff,<br><br>　　　-against-<br><br>BALLY PRODUCE CORP., RUBIN LO and DIANA LO,<br><br>　　　　　　　　　　　　　　　Defendants. | 12 Civ. 1045 (FB) (JMA)<br><br>ECF CASE |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT AUTHORIZED NOTICE**

　　　　　　　　　　　　　　　　　　　　　　　LIPMAN & PLESUR, LLP
　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*
　　　　　　　　　　　　　　　　　　　　　　　500 North Broadway, Suite 105
　　　　　　　　　　　　　　　　　　　　　　　Jericho, NY  11753
　　　　　　　　　　　　　　　　　　　　　　　Telephone:　　(516) 931-0050

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT/FACTS ........................................................................... 1
II. ARGUMENT .................................................................................................................... 1
    A. Conditional Certification Is Not Warranted As Plaintiff Has Not Met The Threshold Standard ................................................................................................... 1
        1. Plaintiff Has Not Offered "Substantial Allegations" Sufficient to Meet His Burden Of Proof ........................................................................................ 2
        2. Since Plaintiff Was Exempt From The Overtime Requirements Of The FLSA Under The Motor Carrier Act Exemption, He Cannot Meet His Burden Of Proof That A Violation Occurred ............................................. 4
    B. Plaintiff's Proposed Notice is Inappropriate ............................................................ 6
        1. The Proposed Notice is Too Broad – It Should Not Go Back 6 Years and 8 Months and Tolling Is Inappropriate. ......................................................... 7
        2. The Class Discovery Plaintiff Seeks Is Improper; Posting Notice is Unwarranted. .............................................................................................. 8
        3. The Notice Mischaracterizes The Rights of the Putative Class. ................ 10
        4. The Proposed Opt-In Period is Too Long ................................................. 10
        5. Undocumented Alien Language Is Too Prominent ................................... 11
III. CONCLUSION ............................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 467 (S.D.N.Y. 2008) ..................... 4

*Barnwell v. Corr. Corp. of America*, No. 08 Civ. 2151 (JWL), 2008 U.S. Dist. LEXIS 104230, at
*28-29 (D. Kan. December 9, 2008) ................................................................................. 11

*Bowens v. Atl. Maint. Corp.*, 546 F.Supp.2d 55, 85 (E.D.N.Y. 2008) ........................................ 11

*Byard v. Verizon W. Va., Inc.*, No. 1:11 Civ. 132 (IMK), 2012 U.S. Dist. LEXIS 152814, at *23
(N.D. W. Va. October 24, 2012) ........................................................................................ 11

*Cano v. Four M Food Corp.*, No. 08 Civ. 3005 (JFB), 2009 U.S. Dist. LEXIS 7780, at *15-16
(E.D.N.Y. February 3, 2009) ............................................................................................... 3

*Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) ................. 8

*Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 U.S. Dist. LEXIS 73090, at *18
n.9 (S.D.N.Y. October 4, 2006) .......................................................................................... 5

*Diaz v. Scores Holding Co., Inc.*, No. 07 Civ. 8718 (RMB), 2008 U.S. Dist. LEXIS 38248, at
*15 (S.D.N.Y. May 9, 2008) ................................................................................................. 8

*Enriquez v. Cherry Hill Market Corp.*, No. 10 Civ. 5616 (FB), 2012 U.S. Dist. LEXIS 17036, at
*6 (S.D.N.Y. February 10, 2012) ............................................................................ 7, 10, 11, 12

*Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 324 (S.D.N.Y. 2007) ........................ 9

*Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d 101, 106 (S.D.N.Y. 2003) ............ 11

*Gordon v. Kaleida Health*, No. 08 Civ. 3785 (WMS), 2009 U.S. Dist. LEXIS 95729, at *31
(W.D.N.Y. October 13, 2009) .............................................................................................. 8

*Guillen v. Marshalls of MA, Inc. ("Guillen I")*, 750 F. Supp. 2d 469, 480 (S.D.N.Y. 2010) ..... 2, 5

*Guzelgurgenli v. Prime Time Specials, Inc.*, No. 11 Civ. 4549 (ADS), 2012 U.S. Dist. LEXIS
113212, at *42-43 (E.D.N.Y. August 8, 2012) .................................................................. 11

*Hallissey v. America Online, Inc.,* No. 99 Civ. 3785 (KTD), 2008 U.S. Dist. LEXIS 18387
(S.D.N.Y. Feb. 19, 2008), at *6-7 ........................................................................................ 5

*Han v. Sterling National Mortgage Co.*, No. 09 Civ. 5589 (JFB), 2011 U.S. Dist. LEXIS 103453,
at*39-40 (E.D.N.Y. Sept. 14, 2011) ..................................................................................... 9

*Hinterberger v. Catholic Health Sys.,* No. 08Civ. 380S (WMS), 2009 U.S. Dist. LEXIS 97944,
at *36 (W.D.N.Y. Oct. 21, 2009) ......................................................................................... 9

*Holt v. Rite Aid Corp.,* 33 F. Supp. 2d 1265, 1270 (M.D. Ala. 2004) ......................................... 5

*Indergit v. Rite Aid Corp.*, No. 08 Civ. 9361 (PGG), 2010 U.S. Dist. LEXIS 60202, at *16
(S.D.N.Y. June 15, 2010) ..................................................................................................... 5

*Jenkins v. TJX Cos.*, 853 F. Supp. 2d 317, 325 (E.D.N.Y. 2012) ................................................. 3

*Krueger v. New York Telephone Co.*, No. 93 Civ. 0178 (LMM), 1993 U.S. Dist. LEXIS 9988, at
*10 (S.D.N.Y. July 21, 1993) ............................................................................................... 9

*Masson v. Ecolab, Inc.*, No. 04 Civ. 4488 (MBM), 2005 U.S. Dist. LEXIS 18022, at *46
(S.D.N.Y. Aug. 18, 2005) ..................................................................................................... 9

*Mike v. Safeco Ins. of Am.,* 274 F. Supp. 2d 216, 220-21 (D. Conn. 2003) ................................. 5

*Morisky v. Pub. Servo Elec. and Gas Co.,* 111 F. Supp. 2d 493, 497-98 (D.N.J. *2000)* ............... 5

*Morris v. Lettire Constr., Corp.*, No. 12 Civ. 0043 (NRB), 2012 U.S. Dist. LEXIS 134860, at *8-
9 (S.D.N.Y. September 18, 2012) .................................................................................... 2, 3

*Morris v. McComb*, 332 U.S. 422, 437, 68 S.Ct. 131 (1947) ....................................................... 4

*Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) ......................................................... 1, 3

*Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 515 (E.D.N.Y. 2011) ............... 3
*Salim Shahriar v. Smith & Wollensky Rest. Group, Inc.*, 659 F.3d 234, 244 (2d Cir. 2011) ......... 3
*Schwed v. Gen Elec.*, 159 F.R.D. 373, 380 (N.D.N.Y. 1995) ....................................................... 10
*Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385 (CM), 2010 U.S. Dist. LEXIS 54581, at *5 (S.D.N.Y. June 2, 2010) ............................................................................................................................ 9
*Vargas v. HSBC Bank USA, N.A.*, No. 11 Civ. 7887 (DAB), 2012 U.S. Dist. LEXIS 113993, at *14 (S.D.N.Y. August 9, 2012) ................................................................................................ 3
*Walton v. United Consumers Club. Inc.*, 786 F.2d 303, 308 (7th Cir. 1986) ................................ 7
*Witteman v. Wisconsin Bell, Inc.*, No. 09 Civ. 440 (BBC), 2010 U.S. Dist. LEXIS 8845, at *10 (W.D. Wis. February 2, 2010) ............................................................................................... 11

**Statutes**
18 U.S.C. §§ 2721 — 2725 ............................................................................................................. 8
29 C.F.R. § 782.2 ........................................................................................................................... 4
29 U.S.C. § 255(a) ......................................................................................................................... 7

**Rules**
New York Rules of Professional Conduct, Rule 7.3 ..................................................................... 8

**Regulations**
New York Labor Law § 203-d ....................................................................................................... 8

I.  **PRELIMINARY STATEMENT/FACTS**

Over 8 months ago, plaintiff filed this action in court alleging overtime and wage and hour violations. Since that time, plaintiff has failed to find even one other worker at all interested in opting in to this matter, or to even name another allegedly similarly situated worker in discovery for that matter. Now, plaintiff brings this motion for collective action certification without even the barest of evidence or support. Plaintiff ignored his deposition notice. Plaintiff is asking the court to take the drastic step to certify this case with **no supporting declarations** other than a single sentence or two in his own self-serving Affidavit. This attempt to set the bar on proof needed for collective action certification this low should be rejected by this court.

Bally is in the business of distributing Chinese vegetables. As plaintiff worked as a loader, loading and unloading vegetables from trucks involved in interstate commerce, he is clearly exempt from the overtime provisions under the Motor Carrier Act Exemption to the Fair Labor Standards Act ("FLSA").

The instant motion for conditional certification of an FLSA collective action should be denied because: (i) Plaintiff's threadbare assertions are not enough to meet even a modest factual showing that there are others similarly situated or that there was a common policy or plan that violated the law (as the MCA exemption applies); and (ii) Plaintiff's proposed notice is inappropriate, over broad and unfairly prejudices defendants.

II.  **ARGUMENT**

  A.  **Conditional Certification Is Not Warranted As Plaintiff Has Not Met The Threshold Standard**

In order for a court to conditionally certify a collective action, the plaintiff bears the burden of proof to make a "modest factual showing" sufficient to demonstrate that "they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). In order to meet the "modest

factual showing" requirement plaintiff must offer "'substantial allegations' of a factual nexus between [them] and potential opt-in plaintiffs" with regard to their employer's alleged FLSA violation. *Morris v. Lettire Constr., Corp.*, No. 12 Civ. 0043 (NRB), 2012 U.S. Dist. LEXIS 134860, at *8-9 (S.D.N.Y. September 18, 2012). There must be some substance to plaintiff's allegations for a court to conditionally certify. *Guillen v. Marshalls of MA, Inc. ("Guillen I")*, 750 F. Supp. 2d 469, 480 (S.D.N.Y. 2010) ("In presenting evidence on the appropriateness of granting collective action status, the plaintiff's burden may be very limited, and require only a modest factual showing, but the burden is not non-existent and the factual showing, even if modest, must still be based on some substance")(internal quotation marks and citations omitted). As plaintiff has failed to offer "substantial allegations" and failed to show any violation of the law, conditional certification should be denied.

### 1. Plaintiff Has Not Offered "Substantial Allegations" Sufficient to Meet His Burden Of Proof

After more than 8 months of litigation in this matter and the completion of written discovery, plaintiff has offered nothing to substantiate his allegations that this matter should go forward as a collective action. Plaintiff offers only his own threadbare Affidavit[1] in support of this motion for collective certification. In fact, of the 16 numbered paragraphs in his two-page Affidavit, only 3 paragraphs even vaguely reference other workers and FLSA-related wage issues. Plaintiff merely states that: "My co-workers were also not paid the overtime rate for all the hours they worked over forty (40) hours each week" and that "I am aware of at least 10 other workers who were not paid the overtime rate for all the hours they worked over forty (40) hours each week." (Zhang Aff. ¶¶ 12, 13.) *Jenkins v. TJX Cos.*, 853 F. Supp. 2d 317, 325 (E.D.N.Y.

---

[1] Zhang Affidavit will be cited as "(Zhang Aff. [¶ ].)" and his Memorandum of Law In Support of Plaintiff's Motion will be cited as "(Zhang Memo. at [p. ].)"

2012)(denying conditional certification based upon, *inter alia*, the "thin factual support" of plaintiff's deposition and no other declarations). There is no detail, no specifics, not even a mention of what jobs or duties these "co-workers" may have. *Myers*, 624 F.3d at 555 (stating that the plaintiff must offer more than "unsupported assertions" to satisfy its burden at the first stage)(internal quotation marks omitted); *Morris*, 2012 U.S. Dist. LEXIS 134860, at *8-9 (same). Instead, plaintiff repeatedly points to alleged violations of the NYLL (spread of hours) as reason to conditionally certify. (Zhang Memo. at p. 15."); (Zhang Aff. ¶ 14.) However, conditional certification pursuant to section 216(b) must be predicated on FLSA violations not the NYLL. *Salim Shahriar v. Smith & Wollensky Rest. Group, Inc.*, 659 F.3d 234, 244 (2d Cir. 2011)("The NYLL…does not have a provision for collective actions.")

Further, plaintiff has failed to show this court that there are any alleged similarly situated employees who are even interested in joining this action as not one opt in form has been filed with the Court. *Vargas v. HSBC Bank USA, N.A.*, No. 11 Civ. 7887 (DAB), 2012 U.S. Dist. LEXIS 113993, at *14 (S.D.N.Y. August 9, 2012) (denying conditional certification where plaintiff failed to produce any other potential opt-ins after 6 weeks of discovery). Plaintiff fails to even provide the name of any allegedly similarly situated employees. *Cano v. Four M Food Corp.*, No. 08 Civ. 3005 (JFB), 2009 U.S. Dist. LEXIS 7780, at *15-16 (E.D.N.Y. February 3, 2009) (finding, *inter alia*, plaintiff's naming of other potential opt ins as part of sufficient factual basis for conditional certification); *Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 515 (E.D.N.Y. 2011) (same). Finally, plaintiff's utter failure to meet his burden of proof is magnified by the fact that he has already had the benefit of the discovery process and has still failed to come up with any reason for this court to conditionally certify this action. Vargas, 2012 U.S. Dist. LEXIS 113993, at *14 (*denying* conditional certification where plaintiff failed to

produce any other potential opt-ins after 6 weeks of discovery).

Plaintiff's unsupported assertion that other unidentified and unclassified co-workers were not paid for overtime fails to meet even his modest factual showing burden and so conditional certification should be rejected.

### 2. Since Plaintiff Was Exempt From The Overtime Requirements Of The FLSA Under The Motor Carrier Act Exemption, He Cannot Meet His Burden Of Proof That A Violation Occurred

Plaintiff also fails to meet his burden to show that a violation occurred as plaintiff admits to being a vegetable loader and that his duties involved "loading and unloading the trucks." (Zhang Aff. ¶ 6.) As these trucks, weighing over 10,000 lbs., then ship these loads across state lines, plaintiff clearly qualifies as a "loader" under the Motor Carrier Act. This type of interstate trucking is subject to the motor carrier exemption to the Fair Labor Standards Act. *See* 29 C.F.R. § 782.2; *Morris v. McComb*, 332 U.S. 422, 437, 68 S.Ct. 131 (1947). Consequently, plaintiff is exempt from the overtime requirements of the FLSA under the Motor Carrier Act Exemption and cannot possibly prove that defendants had a common policy or plan that violated the law. *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 467 (S.D.N.Y. 2008) ("where a defendant employer shows either that the potential recipients of the notice are not similarly situated to the plaintiff or that it will likely succeed at trial in proving that the employees are not entitled under the FLSA to overtime compensation, a court may refuse to authorize notice or postpone deciding the issue pending further discovery and motion practice.")

Whether any other allegedly similarly situated co-workers qualify for this exemption will require an individualized inquiry which is not suited for conditional certification. Courts routinely deny conditional certification where determination of exempt status will require a fact-intensive inquiry into the duties performed by each individual employee. *Holt v. Rite Aid Corp.*,

33 F. Supp. 2d 1265, 1270 (M.D. Ala. 2004); *see also Morisky* v. *Pub. Servo Elec. and Gas Co.,* 111 F. Supp. 2d 493, 497-98 (D.N.J. *2000); Mike v. Safeco Ins. of Am.,* 274 F. Supp. 2d 216, 220-21 (D. Conn. 2003) (denying certification after concluding determination as to exempt status would require an individualized inquiry).

Plaintiff's argument that his burden for class certification is met simply if all loaders are classified as exempt completely ignores the requirement to provide substantial allegations that a violation of the law has occurred. *See Guillen*, 750 F. Supp. 2d at 476 (holding that because defendant's job description was "facially lawful," it was "not sufficient for *Guillen* to show that he and the proposed class of ASMs operated under the same job description"). Thus, the cases cited by plaintiff are distinguishable and serve only to emphasize that plaintiff has no proof whatsoever to offer that a violation has occurred. *See Indergit v. Rite Aid Corp.*, No. 08 Civ. 9361 (PGG), 2010 U.S. Dist. LEXIS 60202, at *16 (S.D.N.Y. June 15, 2010)(finding that plaintiff satisfied his burden, not through mere exempt classification, but by demonstrating through "affidavits and Rite Aid's internal corporate documents" that "he and other Rite Aid store managers ... have been subjected to an allegedly unlawful nationwide corporate policy of shifting the work of non-exempt workers to store managers"); *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 U.S. Dist. LEXIS 73090, at *18 n.9 (S.D.N.Y. October 4, 2006)(finding that plaintiff satisfied burden based on admission by defendant's representative that the actual work performed by managers was essentially the same at all stores); *see also Hallissey v. America Online, Inc.,* No. 99 Civ. 3785 (KTD), 2008 U.S. Dist. LEXIS 18387 (S.D.N.Y. Feb. 19, 2008), at *6-7 (case involved "volunteers" rather than employees; no exemption was at issue).

### B.  Plaintiff's Proposed Notice is Inappropriate

It is difficult to keep up with the many, varied and often conflicting requests made by plaintiff regarding the proposed notice contained in his Memorandum, Proposed Notice and Consent to Join Lawsuit Form.  For example, plaintiff asks for a notice period extending over 6 years and 8 months (Zhang Memo. at p. 17.) to March 3, 2006 but then requests a three year notice period (Zhang Memo. at p. 12.).  Plaintiff also unjustifiably seems to request "equitable tolling" for the "90 days until the expiration of the opt-in period" (Zhang Memo. at p. 12.) but does not include this information in his proposed notice.  At one point, plaintiff seems to request that an FLSA class be conditionally certified based, in part, on exclusively state law claims such as "spread of hours" (Zhang Memo. at pp. 9-10.).  Plaintiff also inconsistently asks the Court for contact information for the putative class members asking at first for "alternate addresses and phone numbers" (Zhang Memo. at p. 6.) and then asking for "last known" addresses and telephone numbers (Zhang Memo. at p. 18.) for "all of defendants current and former vegetable loaders" (Zhang Memo. at p. 6.) and then asking for the information for a time period of "March 03, 2006 and the date this Court decides this Motion" (Zhang Memo. at p. 18.).  Later, plaintiff requests that a "reminder notice" be issued during the opt in period (Zhang Memo. at p. 18.) but makes no mention of this in his proposed Order.  Finally, plaintiff references putting the notice mailing process in the hands of an administrator, (Plaintiff's Proposed Publication Order, p. 2) but makes no reference to the name or qualifications of said administrator.

While defendants attempt to list all of its objections to the proposed notice and Consent to Join form below, it is unclear what is being asked of this Court by plaintiff.  Defendant alternatively asks the Court to Order the parties to negotiate a proposed notice should plaintiff's motion be granted.

### 1. The Proposed Notice is Too Broad – It Should Not Go Back 6 Years and 8 Months and Tolling Is Inappropriate

In the event that the Court grants conditional certification, plaintiff's proposed notice asks the Court to improperly extend the notice period to six (6) years and eight (8) months back to March 3, 2006. This is clearly overly broad. At most the notice period should extend only to three (3) years from the Court's Order granting conditional certification. *Enriquez v. Cherry Hill Market Corp.*, No. 10 Civ. 5616 (FB), 2012 U.S. Dist. LEXIS 17036, at *6 (S.D.N.Y. February 10, 2012)(limiting notice to a 3 year period from the date of the Order, reasoning that "notice to those who may have timely state-law claims, but whose FLSA claims are time-barred, would serve no proper purpose.") Further, given that plaintiff has alleged no facts supporting a willful violation, the notice period should only extend back two (2) years. The statute of limitations under the FLSA is two (2) years, unless the employer's violation was "willful," in which case it is three (3) years. 29 U.S.C. § 255(a). The burden of showing that the employer's alleged violation of the FLSA was willful is on the plaintiff seeking to invoke the extended statute of limitations. *See e.g., Walton v. United Consumers Club. Inc.*, 786 F.2d 303, 308 (7th Cir. 1986). Thus, the notice should be limited to two (2) years and in no event six (6) years and eight (8) months or longer. All such references in plaintiff's proposed notice to a period back to March 3, 2006 should, therefore be changed.

Plaintiff also seems to request that equitable tolling apply and that the statute of limitations should be tolled during the notice period. A similar request to toll the statute of limitations to the time of the filing of the Complaint was rejected by this Court in *Enriquez*, reasoning that "[i]t is clear, however, that the statute of limitations on an FLSA claim stops only when a potential plaintiff opts in." 2012 U.S. Dist. LEXIS 17036, at *7. It is also somewhat disingenuous for plaintiff to request equitable tolling now when he expressed no such sense of urgency for putative opt ins by waiting over 8 months after filing this action in order to make this

7

motion. Plaintiff's confusing and muddled equitable tolling request should be rejected here as well.

Plaintiff's sole case cited in alleged support of its notice, *Diaz v. Scores Holding Co., Inc.*, No. 07 Civ. 8718 (RMB), 2008 U.S. Dist. LEXIS 38248, at *15 (S.D.N.Y. May 9, 2008), is in fact not supportive of plaintiff's proposed notice. The *Diaz* court rejected both an equitable tolling argument and an argument to allow notice beyond 3 years under the FLSA. The *Diaz* notice also allowed only 60 days for an opt in period. Thus, it is not at all clear how this case supports plaintiff at all.

### 2. The Class Discovery Plaintiff Seeks Is Improper; Posting Notice is Unwarranted

The contact information requested by plaintiff, as far as defendants can tell, includes addresses, telephone numbers, e-mail addresses and social security numbers. This information is protected by a variety of state and federal laws, *See e.g.*, 18 U.S.C. §§ 2721 — 2725 (prohibiting disclosure of records constituting "personal information," including names and addresses) and New York Labor Law § 203-d (prohibiting employers from disclosing social security numbers under certain circumstances), and there is no legitimate reason for plaintiff to possess this information. In fact, the New York Rules of Professional Conduct, Rule 7.3 prohibit plaintiff's counsel from soliciting potential clients by telephone. *Gordon v. Kaleida Health*, No. 08 Civ. 3785 (WMS), 2009 U.S. Dist. LEXIS 95729, at *31 (W.D.N.Y. October 13, 2009) (denying plaintiffs' request for phone numbers and other personal information); *Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F. Supp. 2d 200, 210 (N.D.N.Y. 2009)(limiting discovery to names and addresses). Even cases cited by plaintiff limit class disclosure to names and last known addresses. *See Krueger v. New York Telephone Co.*, No. 93 Civ. 0178 (LMM), 1993 U.S. Dist.

LEXIS 9988, at *10 (S.D.N.Y. July 21, 1993) (only putative class names and last known addresses disclosed): *Masson* v. *Ecolab, Inc.*, No. 04 Civ. 4488 (MBM), 2005 U.S. Dist. LEXIS 18022, at *46 (S.D.N.Y. Aug. 18, 2005) (same).  Defendants should be required to disclose only names and last known addresses of the FLSA putative class.  *See e.g., Fasanelli* v. *Heartland Brewery, Inc.,* 516 F. Supp. 2d 317, 324 (S.D.N.Y. 2007) (holding that defendant need not provide private information such as Social Security numbers, telephone numbers, work location and dates of employment for notification purposes); *see also Hinterberger* v. *Catholic Health Sys.,* No. 08Civ. 380S (WMS), 2009 U.S. Dist. LEXIS 97944, at *36 (W.D.N.Y. Oct. 21, 2009) (holding that defendants need not produce phone numbers, social security numbers, dates of birth, and e-mail addresses.)

It also appears that plaintiff is requesting that the notice be posted at defendants and perhaps published in newspapers, although this request is unclear, appearing in one section but not another, and is without support or explanation.  Defendants oppose the requirement of posting notice (and publication) as it serves no real purpose in this case.  Any current employees who are properly within the putative class will receive the notice at the address provided by defendants.  Similarly, any former employees will not be there to see a posted notice.  Courts have held that mailing of notices is the preferred method and that posted notice is ordinarily unnecessary.  *See e.g., Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385 (CM), 2010 U.S. Dist. LEXIS 54581, at *5 (S.D.N.Y. June 2, 2010) ("Since all current employees will be receiving the notice [via mail], there is no need to require defendants to post the notice in the workplace."); *Hinterberger*, 2009 U.S. Dist. LEXIS 97944, at *41-42 (same); *Han v. Sterling National Mortgage Co.*, No. 09 Civ. 5589 (JFB), 2011 U.S. Dist. LEXIS 103453, at*39-40 (E.D.N.Y. Sept. 14, 2011)(premature to require employer to post notice in workplace).

### 3.     The Notice Mischaracterizes The Rights of the Putative Class

The proposed notice does not clearly give putative class members an understanding that they do not have to opt in to this matter, that they can choose their own lawyer or that they will not lose their rights to sue under the FLSA by not opting in.  As such, the notice should be amended to clearly provide from the outset that putative class members are not required to join and if they choose to join they have the option of hiring a lawyer or using plaintiff's lawyer.  It is also confusing as to why opt in notice forms, even those where a class member is choosing another lawyer, should be sent directly to plaintiff's counsel.  Further, it should be made clear to putative class members that they are not giving up their FLSA rights by refusing to join this lawsuit.  *Enriquez*, 2012 U.S. Dist. LEXIS 17036, at *8-9 (amending opt in notice setting forth potential plaintiffs' right not to opt in and to bring individual claims in separate lawsuits).  The proposed opt in form also does not make sense as the second box (and it is unclear why boxes are added) is not a comprehensible sentence.

Prospective opt-in plaintiffs should not be required to designate plaintiff's law firm as their counsel, and the notice should state that opt-in plaintiffs are entitled to retain their own counsel.  Opt-in plaintiffs are not required to accept representation by plaintiffs' counsel in order to participate in this case. *See e.g.*, *Schwed v. Gen Elec.*, 159 F.R.D. 373, 380 (N.D.N.Y. 1995) (holding that each opt-in plaintiff is entitled to be represented by plaintiffs' attorneys or by an attorney of their own choosing).

### 4.     The Proposed Opt-In Period is Too Long

Plaintiff requests a 90 day opt in period with no support for such a lengthy time.  Similar cases have allowed shorter time periods, including 60 days ordered by this Court in *Enriquez,* 2012 U.S. Dist. LEXIS 17036, at *12 (60 day opt in period is reasonable even with potential

10

difficulties in reaching potential plaintiffs).  Courts in this Circuit have regularly ordered opt-in periods within, at most, 60 days.  *Guzelgurgenli v. Prime Time Specials, Inc.*, No. 11 Civ. 4549 (ADS), 2012 U.S. Dist. LEXIS 113212, at *42-43 (E.D.N.Y. August 8, 2012); *Bowens v. Atl. Maint. Corp.*, 546 F.Supp.2d 55, 85 (E.D.N.Y. 2008); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d 101, 106 (S.D.N.Y. 2003).  Further, there is no support or need to send both an opt in notice and a reminder notice to the putative class members.  *Guzelgurgenli*, 2012 U.S. Dist. LEXIS 113212, at *43-44 (denying request for reminder notice); *Byard v. Verizon W. Va., Inc.*, No. 1:11 Civ. 132 (IMK), 2012 U.S. Dist. LEXIS 152814, at *23 (N.D. W. Va. October 24, 2012) (denying request for reminder notice as "unnecessary and potentially improper" citing *Witteman v. Wisconsin Bell, Inc.*, No. 09 Civ. 440 (BBC), 2010 U.S. Dist. LEXIS 8845, at *10 (W.D. Wis. February 2, 2010)( "The purpose of notice is simply to inform potential class members of their rights. Once they receive that information, it is their responsibility to act as they see fit.")); *see also Barnwell v. Corr. Corp. of America*, No. 08 Civ. 2151 (JWL), 2008 U.S. Dist. LEXIS 104230, at *28-29 (D. Kan. December 9, 2008)("The court believes that the notice itself is adequate to advise potential class members of their right to opt-in as plaintiffs in this case."))  It is not even clear if plaintiff is requesting a reminder notice, however, it should be rejected.

### 5. Undocumented Alien Language Is Too Prominent

Plaintiff's efforts to place language related to immigration status and payment in cash in bold letters at the end of the notice is improper and is only meant to act as a teaser for potential opt ins.  In fact, the exact same language proposed by plaintiff was rejected in *Enriquez* as to both form and placement.  *Enriquez*, 2012 U.S. Dist. LEXIS 17036, at *10-11 (rejecting language related to immigration status and payment in cash in the proposed notice stating that its

"size and placement…are unnecessarily inflammatory".)  Instead this Court ordered that such language be moved to the end of another paragraph and replaced with language simply indicating that potential plaintiffs may be owed payment even if they were paid in cash and regardless of their immigration status.  *Id.* at *10-11.

### III. CONCLUSION

For the foregoing reasons, plaintiff's Motion should be denied in its entirety or, in the alternative, the proposed notice should be amended as discussed herein.

Dated: December 7, 2012
      Jericho, New York               LIPMAN & PLESUR, LLP

                                    By:   /s Robert D. Lipman
                                           Robert D. Lipman
                                           lipman@lipmanplesur.com
                                           David A. Robins
                                           robins@lipmanplesur.com
                                           *Attorneys for Defendants*
                                           500 North Broadway, Suite 105
                                           Jericho, NY  11753
                                           Telephone:   (516) 931-0050
                                           Facsimile:    (516) 931-0030