UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X  For Online Publication Only

QI ZHANG, *on behalf of himself and others similarly situated*,

                              Plaintiff,  **ORDER**
                                            12–CV–1045 (FB) (JMA)

      -against-

BALLY PRODUCE, INC., RUBIN LO,
and DIANA LO,

                              Defendants.
------------------------------------------------------------------X

A P P E A R A N C E S:

John Troy
Troy & Associates, PLLC
41-25 Kissena Blvd.
Suite 119
Flushing, NY 11355
     *Attorney for Plaintiff*

Robert D. Lipman
Lipman & Plesur, LLP
500 North Broadway
Suite 105
Jericho, NY 11753-2131
     *Attorney for Defendants*

**AZRACK, United States Magistrate Judge:**

      Plaintiff Qi Zhang brings the instant suit against defendants Bally Produce, Inc. ("Bally"), Rubin Lo, and Diana Lo (collectively, "defendants"). Compl., ECF No. 1. Plaintiff, who worked at Bally as a vegetable loader, alleges that defendants failed to pay him overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and New York state law. Compl. ¶¶ 1–2. Plaintiff also alleges that defendants failed to pay him

a "spread of hours" premium required by New York law. Id. ¶ 2. Although plaintiff's complaint is styled as a collective action, no other employees have opted in to this suit.

Presently before the Court is plaintiff's motion to conditionally certify a collective action under the FLSA, 29 U.S.C. § 216(b), and send court-authorized notice to similarly situated employees. ECF No. 12. The Honorable Frederic Block referred this motion to me for decision. Nov. 13, 2012 Order. For the reasons outlined below, plaintiff's motion is denied.

## BACKGROUND

The record on the instant motion consists solely of plaintiff's affidavit.[1] Defendants have not submitted any evidence in opposition to plaintiff's motion.

Bally is a vegetable distributor. Qi Zhang Aff. ¶ 3, Decl. of John Troy ("Troy Decl.") Ex. H, ECF No. 14. At Bally, plaintiff worked as a vegetable loader. Id. ¶ 5. His job involved "sorting the vegetables and loading and unloading the trucks under the control, supervision and direction of the driver." Id. ¶ 6. Plaintiff, who worked approximately 60 hours per week, was paid $830.77 every two weeks, an amount which was later increased to $923.00. Id. ¶¶ 7–8. As such, it appears that plaintiff was classified as exempt and was not paid an overtime premium.

According to plaintiff, at least ten of his "co-workers were also not paid" one-and-a-half times their regular rate for overtime hours that they worked. Id. ¶¶ 12–13. Plaintiff's affidavit, however, does not identify what positions those "co-workers" held or what duties those "co-workers" performed.

---

[1] In analyzing conditional certification motions, courts sometimes consider the allegations in a plaintiff's complaint along with any affidavits or other evidentiary proof submitted by plaintiffs. See, e.g., Cohen v. Gerson Lehrman Group, Inc., 686 F. Supp. 2d 317, 330 (S.D.N.Y. 2010). Here, the allegations in the complaint do not add anything to plaintiff's case that is not already found in plaintiff's affidavit.

**DISCUSSION**

**A.  The FLSA and the Motor Carrier Exemption**

The FLSA generally requires employers to compensate employees at one-and-a-half their regular rate for all overtime hours they work.  29 U.S.C. § 207(a).  However, pursuant to the FLSA's so-called "Motor Carrier Exemption," the FLSA's overtime requirements do not apply to certain employees who fall within the Secretary of Transportation's jurisdiction.  29 U.S.C. § 213(b)(1).  According to a Department of Labor ("DOL") interpretive bulletin, the Motor Carrier Exemption applies to employees who work as "driver[s], driver's helper[s], loader[s], or mechanic[s]" and whose work "directly affect[s] the safety of operation of motor vehicles in interstate commerce . . . within the meaning of the [Motor Carrier Act of 1935]."[2]  29 C.F.R. § 782.2(b)(2).  In the instant case, defendants contend that plaintiff qualifies as an exempt loader.

A "loader" engages

> in work directly affecting 'safety of operation' so long as he has responsibility when such motor vehicles are being loaded, for exercising judgment and discretion in planning and building a balanced load or in placing, distributing, or securing the pieces of freight in such a manner that the safe operation of the vehicles on the highways . . . will not be jeopardized.

29 C.F.R. § 782.5(a).

The defendant bears the burden of proving that an employee qualifies an exempt loader under the Motor Carrier Exemption.  Khan, 474 F. Supp. 2d at 456.

**B.  Conditional Certification of FLSA Collective Actions**

Under Section 216(b) of the FLSA, a collective action may be maintained by named plaintiffs "for and in behalf of . . . themselves and other employees similarly situated."

---

[2]  The DOL's views regarding the Motor Carrier Exemption are not entitled to any special deference.  Khan v. IBI Armored Servs., Inc., 474 F. Supp. 2d 448, 456 (E.D.N.Y. 2007).  Here, I rely on the DOL's interpretive bulletin only to outline the general contours of the Motor Carrier Exemption, not to definitively interpret it.

29 U.S.C. § 216(b) (emphasis added). Unlike opt-out class actions under Federal Rule of Civil Procedure 23, an employee must affirmatively opt in to a collective action. See id. ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court . . . .").

By allowing employees to proceed collectively, collective actions provide plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources" and allow "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [unlawful] activity." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989).

FLSA collective actions often proceed in two stages. Myers v. Hertz Corp., 624 F.3d 537, 554–55 (2d Cir. 2010), cert. denied, 132 S.Ct. 368 (2011). At the first stage, the court determines, early in the litigation, whether to send notice to potential opt-in plaintiffs to inform them that they may join a collective action. Id. at 555. District courts have discretion, in "appropriate cases," to facilitate this notice. Hoffmann-La Roche Inc., 493 U.S. at 170. Courts often refer to the decision to facilitate this notice as "conditional certification." See, e.g., Jenkins v. TJX Companies Inc., 853 F. Supp. 2d 317, 320 (E.D.N.Y. 2012); cf. Myers, 624 F.3d at 555 at n.10.

In Myers, the Second Circuit offered some guidance, in dicta, on the analysis applicable at the first stage of a collective action. 624 F.3d at 555. At this stage, "the court mak[es] an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." Id. Plaintiffs can establish that potential opt-ins are similarly situated by making "a 'modest factual showing' that [the named plaintiffs] and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" Id. (quoting Hoffmann v. Sbarro, Inc., 982 F. Supp. 249,

4

261 (S.D.N.Y. 1997)). "The modest factual showing cannot be satisfied simply by unsupported assertions, but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." Id. (citations and internal quotation marks omitted).

In cases involving exemptions under the FLSA, conditional certification may be warranted where the plaintiff makes "some showing that 'there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions,' on which the criteria for many FLSA exemptions are based, [and] who are classified as exempt pursuant to a common policy or scheme." Id. (quoting Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, at 1259 (11th Cir. 2008)). An employee's pay provisions are not relevant to the Motor Carrier Exemption. 29 C.F.R. § 782.2. Therefore, when a plaintiff seeks conditional certification in a suit that implicates the Motor Carrier Exemption, the court must focus on: (1) whether there are other employees with similar job requirements; and (2) whether those employees where classified as exempt pursuant to a common policy or scheme.

At the second stage, which occurs after the completion of class discovery, the court determines, under a stricter analysis, whether the opt-ins and named plaintiffs are, in fact, similarly situated. Myers, 624 F.3d at 555.

In determining whether plaintiffs are similarly situated, courts do not address the merits provided that plaintiffs assert at least a plausible basis for their claims. Hendricks v. J.P. Morgan Chase Bank, N.A., 263 F.R.D. 78, 83 (D. Conn. 2009).

**C.    Analysis**

As a preliminary matter, it is necessary to identify the relevant group of employees that plaintiff contends are similarly situated to himself. At one point, plaintiff asserts that the

relevant class includes "all . . . non-exempt employees of the Defendants, including but not limited to, loaders or any other equivalent employee." Pl. Mem. Supp. Mot. for Conditional Certification ("Pl. Mem."), at 9, ECF No. 14. However, at numerous other points in his papers, plaintiff confines the putative class to only vegetable loaders. See, e.g., Pl. Mem. at 18; Troy Decl. ¶ 2. Accordingly, I limit my analysis to whether plaintiff has established that he is similarly situated to other vegetable loaders.

As explained earlier, where the Motor Carrier Exemption is at issue, the plaintiff must make some showing that there are other employees who are similarly situated with respect to their job requirements and who are classified as exempt pursuant to a common policy or scheme. See Myers, 624 F.3d at 555.

Defendants argue that plaintiff fails to meet his modest burden of proof because, although he attests that his "co-workers" were also not paid overtime for all hours worked, he fails to identify what positions these "co-workers" held or what their duties were. Plaintiff did not submit an amended affidavit to correct these deficiencies. Instead, plaintiff asks the Court to infer from plaintiff's own experience that other vegetable loaders exist, were not paid overtime, and had similar duties and responsibilities as plaintiff. See Pl. Reply Mem. Supp. of Mot. for Conditional Certification, at 5 ("It is easy to conclude that all loaders have the same job requirements . . . .").

I refuse to conditionally certify a collective action if plaintiff is unwilling (or unable) to offer any evidence that other vegetable loaders had similar duties and responsibilities as plaintiff (i.e., that they also loaded vegetables under the "control, supervision and direction of the driver"). "While the burden on the plaintiff at the conditional certification stage is modest, 'it is not non-existent.'" Jenkins v. TJX Companies Inc., 853 F. Supp. 2d 317, 322 (E.D.N.Y. 2012)

(quoting Khan v. Airport Mgmt. Servs., LLC, No. 10–CV–7735, 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011)).

Plaintiff repeatedly argues that an affidavit from a single plaintiff may be sufficient evidence at the notice stage to establish that the putative opt-ins are similarly situated. However, even assuming that the quantity of plaintiff's evidence is sufficient, my issue is with the quality of plaintiff's evidence, which fails to address the duties and responsibilities of other vegetable loaders. Even the cases cited by plaintiff included some evidence regarding the job duties and responsibilities of the putative opt-ins. See Cohen v. Gerson Lehrman Group, Inc., 686 F. Supp. 2d 317, 327, 330 (S.D.N.Y. 2010) (misclassification suit where plaintiff's affidavit stated that other research associates held similar responsibilities); Francis v. A & E Stores, Inc., No. 06 Civ. 1638, 2008 WL 4619858, at *3 (S.D.N.Y. Oct. 16, 2008) (misclassification suit where defense witnesses testified that job description accurately described assistant managers' duties and admitted that the duties of assistant managers were "'more or less' the same at all stores."); Patton v. Thomson Corp., 364 F. Supp. 2d 263, 267 (E.D.N.Y. 2005) (misclassification suit where complaint alleged that all managers had the same duties and record included job description that described duties).

Plaintiff also argues that conditional certification is warranted because defendants had a policy of classifying all vegetable loaders as exempt. Again, plaintiff has not offered any evidence specifically indicating that other vegetable loaders exist or that other vegetable loaders were classified as exempt.[3] Instead, plaintiff contends that certain arguments advanced by defendants constitute an admission of a blanket classification policy. I do not see how those arguments constitute such an admission. In any event, even assuming that defendants had such a

---

[3] Although plaintiff's affidavit states that his "co-workers" were not paid overtime, he never specifically attests that these co-workers included vegetable loaders.

7

policy, that policy, standing alone, would be insufficient to warrant conditional certification absent some evidence indicating that the other vegetable loaders had similar duties and responsibilities as plaintiff. See Jenkins, 853 F. Supp. 2d 317, 323; cf. Myers, 624 F.3d at 555.

In sum, plaintiff has failed to meet his modest burden to establish the existence of similarly situated employees.[4] Therefore, plaintiff's motion for conditional certification is denied.

SO ORDERED.

Dated: April 22, 2013
      Brooklyn, New York

                                                /s/
                                        JOAN M. AZRACK
                                        UNITED STATES MAGISTRATE JUDGE

---

[4] Defendants also argue that conditional certification is not warranted because no other employees have opted in to this action. Because the assertions in plaintiff's affidavit are insufficient to meet his modest burden of proof, I do not reach this additional argument.